UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SERENA SIMPSON ON BEHALF OF HERSELF AND A CLASS OF SIMILARLY SITUATED LOUISIANA RESIDENTS, | * * * * | CIVIL ACTION NO. _____ SECTION: |
| PLAINTIFFS | * * | JUDGE: |
| VS. | * * | MAGISTRATE JUDGE: |
| NATIONAL LLOYDS INSURANCE COMPANY AND AMERICAN SUMMIT INSURANCE COMPANY | * * * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**NOTICE OF REMOVAL**

Defendants, National Lloyds Insurance Company ("National Lloyds") and American Summit Insurance Company ("American Summit"; collectively with National Lloyds, "Defendants"), hereby give notice and remove this action from the 6th Judicial District Court, Parish of East Carroll, State of Louisiana, pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, and based on the Court's diversity jurisdiction under 28 U.S.C. § 1332 and under the Class Action Fairness Act, 28 U.S.C. § 1332(d). In support of this removal, and reserving all rights, objections, defenses, and motions, Defendants assert the following:

1. On August 13, 2020, Plaintiff Serena Simpson ("Ms. Simpson" or "Plaintiff"), on behalf of herself and of all similarly situated Louisiana residents, filed a state court petition styled "PETITION FOR DAMAGES AND CLASS ACTION" in state court in this matter, under the caption *Serena Simpson on Behalf of Herself and a Class of Similarly Situated Louisiana Residents versus National Lloyds Insurance Company and American Summitt [sic] Insurance Company*, No. 23,255, in the 6th Judicial District Court for the Parish of East Carroll, Louisiana ("the Class Petition"). A copy of the entire state court record as of

the time of filing of this Notice of Removal, including the Class Petition, is attached hereto as **Exhibit 1**.

2. Defendants did not receive service of the Class Petition, through the Louisiana Secretary of State, until September 2, 2020. *See* Citation showing service stamp on R. Kyle Ardoin, page 3 of Exhibit 1 hereto.

### *Bases for Removal Jurisdiction*

3. This Court has jurisdiction over this removed action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship among Plaintiff and Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. This Court independently has jurisdiction over this removed class action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because there is minimal diversity of citizenship among the Plaintiff Class and the named Defendants and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs.

### *Diversity of Citizenship*

5. Complete diversity of citizenship exists here in satisfaction of 28 U.S.C. § 1332(a) because, at the time this suit was commenced and at the time of removal, (a) the named Plaintiff was a citizen of Louisiana, with her domicile alleged to be East Carroll Parish, Louisiana (*see* Class Petition ¶ 2); (b) Defendant National Lloyds is a Texas Lloyds Plan under Subchapter 941 of the Texas Insurance Code, incorporated in Texas, with its principal place of business in Texas; and (c) Defendant American Summit is a Texas-domiciled Stock Property and Casualty Insurance Company, incorporated in Texas, with its principal place of business in Texas. Because Plaintiff is a citizen of Louisiana while Defendants are citizens of Texas, complete diversity exists.

6. In addition to satisfying the complete diversity requirement for purposes of 28 U.S.C. § 1332(a), the minimal diversity requirement of CAFA, 28 U.S.C. § 1332(d)(2)(A), is also satisfied, because at the time this suit was commenced and at the time of removal Plaintiff was a citizen of Louisiana and the Defendants were citizens of Texas.

### *Amount in Controversy*

7. For purposes of diversity jurisdiction under 28 U.S.C. § 1332(a), Plaintiff's claim will exceed the amount-in-controversy threshold of $75,000.

    > Where, as here, the case is removed from a state jurisdiction that does not require the plaintiff to specifically plead the amount in controversy, the defendant may satisfy this burden by demonstrating that it is 'facially apparent' from the petition that the claims are above the jurisdictional amount. Under these circumstances, the defendant need not prove the jurisdictional amount to a legal certainty. It is enough that the defendant demonstrates that the plaintiff's claim 'more likely than not' meets the jurisdictional requirement.

    *JMCB, LLC v. Bd. of Commerce & Indus.*, 293 F. Supp. 3d 580, 587 (M.D. La. 2017) (internal citations and quotation marks omitted).

8. "[T]hat the removing party bears the burden of proving the amount in controversy does not mean that the removing party cannot ask the court to make common-sense inferences about the amount put at stake by the injuries the plaintiffs claim." *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015); *see also Badeaux v. Goodell*, 358 F. Supp. 3d 562, 571-72 (E.D. La. 2019) ("The Court is permitted to make common-sense inferences about the amount in controversy. For example, in *Allen v. R & H Oil & Gas Co.*, the district court inferred that hundreds of plaintiffs seeking punitive damages for a wide variety of harms allegedly caused by wanton and reckless conduct would satisfy the amount in controversy. The Fifth Circuit affirmed this common-sense determination."). Here, the Plaintiff's express allegations on the face of her Class Petition, along with common-sense

3

inferences the Court is permitted to make, show that the amount-in-controversy threshold is cleared.

9. Plaintiff Ms. Simpson alleges in her Class Petition that she has submitted a claim for storm damage to the Defendants, arising from damage she sustained to her residence "[i]n late 2019." Class Petition, at ¶¶ 6-7. She does not specifically allege the amount of those losses, for which she alleges Defendants denied coverage, but alleges that the damages sustained by her and each of the proposed class members "is believed to be less than $50,000." Class Petition, at ¶ 21.

10. In addition to "compensation damages," assuming an amount of $49,999 for such damages, Plaintiff also seeks "all punitive damages and attorney fees allowed by law" (Class Petition, ¶ 24), and "penalties and attorney fees." Class Petition, Prayer for Relief (B).

11. As to penalties, Plaintiff alleges the insurer Defendants acted in bad faith. *See* Class Petition, at ¶¶ 8, 10. Under La. R.S. § 22:1892(B), failure by an insurer to pay a claim within thirty days of satisfactory proof of loss "when such failure is found to be arbitrary, capricious, or without probable cause" will subject the insurer to liability for an additional amount equal to "fifty percent damages on the amount found to be due from the insurer to the insured[.]" Under La. R.S. § 22:1973(C), an insurer's failure to pay a claim within sixty days of satisfactory proof of loss, or a failure to pay a loss to immovable property under R.S. § 22:1893, when either failure "is arbitrary, capricious, or without probable cause," may subject the insurer to an additional penalty "in an amount not to exceed two times the damages sustained" due to the breach of the obligation of good faith. Accordingly, Plaintiff's allegations here of compensatory damages "less than $50,000" would allow for additional penalty amounts under § 1892(B) which are a maximum of $24,999.50, with

additional penalties under § 1973(C) for treble the damages consequent to the breach of the duty of good faith. *See Durio v. Horace Mann Ins. Co.*, No. 2011-C-0084 (La. 10/25/2011), 74 So. 3d 1159, 1170 (distinguishing between penalties available under La. R.S. § 22:1892(B) and La. R.S. § 22:1973(C)). When aggregated with the maximum compensatory damages alleged by Plaintiff, the amount-in-controversy under § 1892(B) would increase to $74,998.50; it is highly likely that additional penalties under § 1972(C) would exceed $1.50, bringing the aggregate amount-in-controversy above $75,000.

12. Available statutory penalties such as those claimed by Plaintiff here must be included in the calculation of the jurisdictional amount. *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253, 1255 (5th Cir. 1998). "The invocation of the penalty statutes, together with Plaintiff's own words, satisfy [Defendants'] burden of establishing the amount in controversy." *Shaw v. Chesapeake Operating, LLC*, Civ. Action No. 17-cv-0031, at *3 (W.D. La. Mar. 2, 2017); *see also Rodriguez v. Allstate Tex. Lloyds*, Civ. Action No. 7:16-CV-00498, at *4 (S.D. Tex. Oct. 17, 2016).

13. Additionally, the amount-in-controversy must also be aggregated to include Plaintiff's claim for attorneys' fees, which are available to Plaintiff under La. R.S. § 22:1892(B). *See Foret v. S. Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1991) ("Neither party disputes that attorney's fees may be included in determining the jurisdictional amount."); *see also Manguno v. Prudential Prop. Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Moreover, under Louisiana class action law, the named representative of a class may be awarded "their reasonable expenses of litigation, including attorney's fees, when as a result of the class action a fund is made available, or a recovery or compromise is had which is beneficial, to the class." La. C.C.P. art. 595(A). The U.S. Fifth Circuit has held that such

class-wide fees are includable in the jurisdictional amount calculation. *Loque v. Allstate Ins. Co.*, 314 F.3d 776, 779 (5th Cir. 2003). Accordingly, the attorneys' fee calculation to be included in the calculation of amount-in-controversy here must contemplate a class-wide fee award. *See Coltrin v. Rain CII Carbon, L.L.C.*, No. 2:09-CV-837, at *5 (W.D. La. Jan. 24, 2012) ("Attorneys' fees present a substantial area of recovery for class action plaintiffs, the amount of which may lead to a recovery above the jurisdictional amount. ... For the purpose of establishing the jurisdictional amount in a putative class action removed from a Louisiana state court, federal courts are required to attribute all attorneys' fees that are potentially recoverable by the class as a whole to the named class representatives.") (internal citations omitted).

14. "There is no precise formula for calculating the amount that should be attributed to the fees for amount in controversy purposes. The most specific guidance states only that a 'reasonable' fee is to be included." *House v. AGCO Corp.*, Civ. Action No. 05-1676, at *4 (W.D. La. Dec. 13, 2005) (citing Wright, Miller Cooper, *Fed. Prac. & Proc.: Jurisdiction 3d* § 3712, pp. 274-76 (1998)). In a case involving a similar class claim as that raised here, that a systemic pattern of conduct resulted in the insurer defendant failing "to adjust all claims fairly and promptly," the Fifth Circuit upheld a finding that the jurisdictional amount was met based on the potential class attorneys' fees alone. *See Loque*, 314 F.3d at 782.

15. Alternatively, under the amount-in-controversy requirement for CAFA—that the aggregate amount-in-controversy for the class "exceeds the sum or value of $5,000,000," 28 U.S.C. § 1332(d)(2)—is easily met. Plaintiff alleges "that the Defendants have issued ***thousands*** of similar insurance policies to other residents throughout the State of Louisiana." Class

Petition, at ¶ 5 (emphasis added). Taken literally, "thousands" meaning at multiple thousands or at least 2,000, the $5,000,000 amount-in-controversy would be met if the average claim of a class member were a minimum of $2,500. As the above discussion of the application of the penalty and fees provisions of Louisiana law to claims worth "less than $50,000" shows, this Court's common-sense analysis should support a finding that this is easily met. *See Badeaux*, 358 F. Supp. 3d at 571-72; *see also Landry-Boudreaux v. Progressive Waste Sols. of La.*, 365 F. Supp. 3d 734, 738 n.26 (E.D. La. 2019).

### *Remaining CAFA Prerequisite*

16. As discussed above, this Court has jurisdiction over this matter under diversity jurisdiction per 28 U.S.C. § 1332(a), with the diversity and amount-in-controversy prerequisites met for jurisdiction under that statute, but also met for purposes of CAFA, at 28 U.S.C. § 1332(d). In addition, the CAFA prerequisite that the action be a "class action" is also clearly met here. *See* 28 U.S.C. § 1332(d)(1)(B).

17. The Class Petition is expressly styled as a "Petition for Damages and Class Action." Ms. Simpson purports expressly to bring the action on behalf of herself "and on behalf of the class of similarly situated Louisiana residents." Class Petition, at preamble paragraph. And the Class Petition expressly alleges that the action meets the prerequisites for class certification and adjudication under Louisiana's class action procedures.

### *Venue*

18. Venue is proper in this case pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events alleged by Plaintiff to give rise to her claims arose in the Western District of Louisiana, specifically East Carroll Parish, Louisiana.

### *Timeliness of Removal*

19. A notice of removal generally must be filed within thirty days of receipt by defendant, by service or otherwise, of the initial pleading setting forth the claim for relief. 28 U.S.C. § 1446(b)(1).

20. Here, Plaintiff filed her Class Petition on August 13, 2020, and it was not served on Defendants, through the Louisiana Secretary of State, until September 2, 2020.

21. Because Defendants file this Notice of Removal within thirty days of when they were first served with the Class Petition, this removal notice is timely.

### *Consent of All Defendants*

22. This Notice of Removal is filed jointly by both Defendants, National Lloyds and American Summit.

### *Compliance with Removal Procedure*

23. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendants will serve a copy of this notice on Plaintiff, through her counsel, and will promptly file a copy of this notice with the Clerk of Court for the 6th Judicial District Court, East Carroll Parish, State of Louisiana. A copy of the Notice to State Court of Filing Notice of Removal, which will be filed as stated here, is attached hereto as **Exhibit 2**.

### *Reservation of Rights*

24. Defendants expressly reserve all rights, defenses, objections, and motions that they could have raised in response to Plaintiff's Class Petition when filed in state court.

Respectfully submitted,

*/s/ Annissa M. Alario*
Lyon H. Garrison (La. #19591)

                                      Darrin L. Forte (La. #26885)
                                      Kevin F. Truxillo (La. Bar #30769)
                                      Ebony S. Morris (La. #35929)
                                      Annissa M. Alario (La. #36350)
                                      Eberhard D. Garrison (La. #22058)
                                      Garrison, Yount, Forte & Mulcahy, LLC
                                      909 Poydras Street, Suite 1800
                                      New Orleans, LA 70112
                                      (504) 527-0680
                                      Fax (504) 527-0686

                                      *Counsel for Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that a true copy of the above Notice of Removal was served on counsel of record by email or facsimile transmission, as well as by First-Class postage-prepaid U.S. Mail, on this date, the 30th day of September, 2020, as follows:

Myrt T. Hales
Law Offices of Hales & Strickland
802 Julia Street
PO Drawer 149
Rayville, LA 71269
myrt@haleslawoffice.net

                                      */s/ Annissa M. Alario*
                                      Annissa M. Alario (La. #36350)